# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**VIRGINIA VIDAL GARCIA**                                                      **PLAINTIFF**

**v.**                      **No: 4:20-cv-01164 BSM-PSH**

**PARKER,** *et al.*                                                             **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Virginia Vidal Garcia filed a complaint pursuant to 42 U.S.C. § 1983 on September 29, 2020, complaining about conditions in the Saline County Detention Facility (Doc. No. 1). Garcia was ordered to file an amended complaint describing the defendants she intended to sue, how each defendant was personally involved in the alleged violation of her constitutional rights, and how she was

injured. Doc. No. 4. Garcia was cautioned that an amended complaint would render her original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. Garcia subsequently filed an amended complaint (Doc. No. 5).

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se*

plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

In her amended complaint, Garcia names defendants Sergeant Parker, Deputy Gray, Corporal Gann, and Deputy Evans. Doc. No. 5 at 1-2. She makes several allegations about the conditions at the Saline County Detention Center, but she does not describe how any defendant was personally responsible for these conditions. She only alleges that Sergeant Parker told the inmates not to come to jail. Doc. No. 5 at 4. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Accordingly, the Court recommends that Garcia's complaint be dismissed without prejudice because she makes no allegations regarding any defendant's involvement in the alleged violation of her constitutional rights.

## III. Conclusion

For the reasons stated herein, it is recommended that:

1.  Garcia's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 16th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE